UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

UNITED STATES OF AMERICA

v.  Case No. 4:19-CR-20

ANTHONY GLENN BEAN
ANTHONY DOYLE FRANKLIN BEAN

## MOTION IN LIMINE REGARDING SIMILAR ACTS

Comes now the Defendant, Anthony Glenn Bean, by and through counsel, and hereby moves this Honorable Court for an order directing that the United States of America shall not use any of the alleged facts or circumstances surrounding investigations of the Defendant for which he was not indicted through any questioning of witnesses as well as opening and closing statements. Defendant would respectfully state unto the Court as follows:

The current case is set for trial on January 14th, 15th, and 16th, Defendant was indicted on four counts of 18 U.S.C. § 242 as a result of an assault with bodily injury for events which allegedly transpired on August 10, 2014, and December 30, 2017. In the discovery materials provided by the United States to the Defendant, there are many documents regarding the FBI's investigations into other alleged misconduct similar to the alleged conduct he will be on trial for in this case. Specifically, the discovery includes two separate investigations that are not relevant Defendant's Indictments: 1) date of incident of April 8, 2015; and (2) date of incident July 25,

1

2017. The Defendant was not indicted for either of these alleged incidents. However, it appears that the United States is attempting to weave a narrative with these other two alleged incidents in an attempt to prejudice the jury against him.

Defendant avers that any reference to or statements made at trial regarding the alleged facts or circumstances concerning the April 8, 2015, and July 25, 2017 investigations are irrelevant to the present case before the Court and should same be stated in front of the jury it would result in extremely unfair prejudice. Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Any mention of the alleged facts and circumstances surrounding the April 8, 2015, and July 25, 2017 investigations would not be proof of any issue provable in the present case. Further, any mention of the investigations would not be evidence to assist in proving any of the alleged issues in the present matter. These statements would do just the opposite as the jurors would be confused by the issues.

Any mention of the alleged facts and circumstances surrounding the April 8, 2015, and July 25, 2017 investigations would confuse and prejudice the trier of fact regarding the issues in this trial. Therefore, should the Court rule the alleged circumstances or facts relevant to the present case, then Fed. R. Evid. 403 would exclude any such statements being made or elicited through testimony as the probative value would not outweigh the prejudicial effect of said statements. United States v. Bell, 516 F.3d 432, 440 (6th Cir. 2008).

Should the United States seek to use any of the alleged facts and circumstances surrounding the April 8, 2015, and July 25, 2017 investigations as evidence, the Court should rule it as inadmissible under Fed. R. Evid. 404(b). Federal Rule of Evidence 404(b) states, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It *may,* however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Id.

Admitting evidence of prior bad wrongs or acts carries with it the inherent risk of the jury convicting the defendant of a crime based upon his bad character or propensity to commit a crime, rather than the conviction resting upon the strength of the evidence. State v. Thacker, 164 S.W.3d 208, 239 (Tenn. 2005). The risk is greater when the defendant's prior bad acts are similar[1] to the crime for which the defendant is on trial. Id. The present case and he April 8, 2015, and July 25, 2017 investigations are substantially similar matters with violent acts being alleged on the part of the Defendant.

---

[1] The Sixth Circuit Court of Appeals also expresses this rationale "when jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, of course, is why the prosecution uses such evidence whenever it can. When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, a convicted criminal, and that if he "did it before he probably did it again." United States v. Johnson, 27 F.3d 1186, 1193 (6th Cir. 1994).

Based on the foregoing, Defendant submits that any of the alleged facts or circumstances surrounding the alleged facts or circumstances concerning the April 8, 2015, and July 25, 2017 investigations through any questioning of witnesses as well as opening and closing statements at the trial be deemed inadmissible as irrelevant and prejudicial.

**WHEREFORE**, Defendant would respectfully ask this Honorable Court to enter an order directing the State not use any of the alleged facts or circumstances surrounding the alleged facts or circumstances concerning the April 8, 2015, and July 25, 2017 investigations through any questioning of witnesses as well as opening and closing statements as requested in the foregoing Motion.

/s/Andy Peters Davis, BPR No. 24386
Andy Peters Davis, BPR No. 24386
Roger D. Layne, BPR No. 33873
DAVIS, KESSLER & DAVIS
705 Dinah Shore Blvd.
Winchester, TN 37398
(931) 967-7000 Phone
(931) 968-0680 Fax
andy@daviskessler.com
roger@daviskessler.com
*Attorneys for Defendant Anthony Glenn Bean*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2019, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Andy Peters Davis