# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

**UNITED STATES OF AMERICA**

   **v.**              **Case No. 4:19-CR-20**

**ANTHONY GLENN BEAN**
**ANTHONY DOYLE FRANKLIN BEAN**

### JOINT RESPONSE TO UNITED STATES' SECOND OMNIBUS MOTION IN LIMINE

  Comes now the Defendants, Anthony ("Tony") Glenn Bean and Anthony ("T.J.") Doyle Franklin Bean by and through counsel, and for their joint response to the United States' Second Omnibus Motion In Limine would respectfully state unto the Court as follows:

## INTRODUCTION

  Defendants would begin by showing good cause for this late filed motion. While COVID-19 numbers have gradually increased throughout the United States, the small rural area of Franklin County has been heavily impacted as of the last few weeks. *See*

*https://www.heraldchronicle.com/news/coronavirus_news/fc-breaks-county-record-with-43-new-covid-19-cases-friday-active-cases-at-205/article_3edde174-f9e8-11ea-914f-335420c8bc0d.html*

*(copy attached).* Furthermore, in the last three weeks numerous staff at the office of Davis, Kessler & Davis have either been exposed or have caught the virus recently causing the firm to close its doors for a number of days. Even when the doors have remained opened, two essential assistants have been quarantined without access to the case file. Because of the pandemic and the recent surge in Franklin County even the everyday routine business of the practice of law has

1

Case 4:19-cr-00020-TRM-CHS  Document 61  Filed 09/24/20  Page 1 of 5  PageID #: 329

been difficult, problematic and impossible at times. Therefore, Defendants would ask that this late filed Response be taken under consideration by the Court for good cause being shown.

The Government argues that, based on conversation with the Defense, that the Defendant may seek to introduce testimony and evidence of: (1) the alleged victims' personal opinions of the Defendants' culpability; (2) other, unrelated, high-profile instances of "more egregious" law enforcement misconduct; and (3) a theory that federal authorities investigated the Defendants due to personal animosities of certain individuals in Grundy County who seek retribution. The Government's Motion essentially makes an argument under the Federal Rules of Evidence 401 and 403 claiming that any such evidence should be excluded as irrelevant and highly likely to confuse and mislead the factfinder. However, the Government's Motion does not identify any specific examples for the Defendants to respond.

In response, the Defendants would show that: (1) the alleged victims' testimony about what occurred during the indicted offenses are highly relevant and probative to this case; (2) Defendants have no plan to introduce other, unrelated, high-profile instances of "more egregious" law enforcement misconduct other than what occurred at the time of the apprehension of the two alleged victims in this matter; (3) the investigation by federal authorities is highly relevant and probative to this case to show bias, motive, and to impeach witnesses. All such evidence or testimony which the defense may or may not use in the trial of this matter will be proper under the Rules of Evidence. Simply because evidence or testimony may be prejudicial to the Government's allegations does not mean the same would prejudice the finder of fact. While the Government's Motion begins by making certain evidentiary arguments, the crux of

their brief and argument focuses on jury nullification. The argument by the Government in their Motion is based on mere conjecture rather than facts.

## LAW AND ARGUMENT

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Once determined relevant Fed. R. Evid. 403 excludes any such evidence or testimony when the probative value would not outweigh the prejudicial effect of the same. United States v. Bell, 516 F.3d 432, 440 (6th Cir. 2008).

**I.    The alleged victims' testimony about what occurred during the indicted offenses are highly relevant and probative to this case.**

Regarding opinion testimony by a lay witness, Rule 701 of the Rules of Evidence states, "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: **(a)** rationally based on the witness's perception; **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Government's Motion claims that allowing the alleged victims to testify regarding whether the use of force, if any, was excessive on the dates in question would be irrelevant and/or highly prejudicial in a trial of this matter. However, the alleged victims can clearly testify to the events listed in the indictments. Quite simply, the alleged victims would be in the best position to give this type of testimony. It does not require any special training or expert knowledge for an alleged victim who may or may not have suffered abuse to testify to their perception of the events. The testimony is not objectionable merely because it embraces an ultimate issue before the jury. Tenn. R. Evid. 704. However, the admission of lay opinion testimony is limited to those situations wherein the jury

3

could not readily draw its own conclusions on the ultimate issue, without the aid of the witness's opinion testimony. *Blackburn v. Murphy,* 737 S.W.2d 529, 533 (Tenn.1987). Put another way, the lay witness may express an opinion to describe her observations if that is the only way in which she can effectively communicate her observations to the jury. *State v. Brown,* 836 S.W.2d 530, 550 (Tenn.1992).

## II.    Defendants have no plan to introduce other, unrelated, high-profile instances of "more egregious" law enforcement misconduct.

Defendants agree that unrelated instances of more egregious law enforcement misconduct not dealing with the apprehension of the two alleged witnesses in this matter would be irrelevant under Fed. R. Evid. 401.

## II.    The investigation by federal authorities is highly relevant and probative to this case to show bias, motive, and to impeach witnesses.

The Government's Motion argues under the Federal Rules of Evidence 401 and 403 that any evidence showing that federal authorities investigated the Defendants due to personal animosities of certain individuals in Grundy County seeking retribution should be excluded as irrelevant and highly likely to confuse and mislead the factfinder.  However, what the Government has termed a "conspiracy theory" was actually disclosed to the Defendants in discovery in black and white.  The origins of this investigation did not begin with any use of excessive force and subsequent complaint by a victim or victims, rather the alleged victims in this case were in fact recruited by former law enforcement personnel leading to the indictments in this case.  *See* Correlating 302 with Agent Baker's Notes.

This information would not prejudice the finder of fact and would be highly probative in this case.  Particularly in terms of motive, bias, and/or impeachment should witness testimony have been coerced by certain individuals in Grundy County to obtain these indictments.

4

**WHEREFORE**, For the foregoing reasons, the Defendants pray this Honorable Court

enter an Order Denying the Government's Second Motion in Limine.

/s/Andy Peters Davis, BPR No. 24386
Andy Peters Davis, BPR No. 24386
Roger D. Layne, BPR No. 33873
DAVIS, KESSLER & DAVIS
705 Dinah Shore Blvd.
Winchester, TN 37398
(931) 967-7000 Phone
(931) 968-0680 Fax
andy@daviskessler.com
roger@daviskessler.com
*Attorneys for Defendant Anthony Glenn Bean*

/s/Russell L. Leonard, BPR No. 014191
Russell L. Leonard, BPR No. 014191
1016 West Main Street, Suite 3
Monteagle, TN 37356
(931) 924-0447
*Attorney for Defendant Anthony Doyle Franklin
Bean*

## **CERTIFICATE OF SERVICE**

We hereby certify that on this 24th day of September, 2020, we electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Andy Peters Davis, Esq.

/s/Russell L. Leonard, Esq.