UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ANTHONY GLENN BEAN )<br>ANTHONY DOYLE FRANKLIN BEAN )<br>) | Case No. 4:19-CR-20<br>Judge McDonough |

**UNITED STATES' REPLY
TO DEFENDANTS' JOINT RESPONSE TO UNITED STATES' SECOND OMNIBUS
MOTION IN LIMINE**

The United States of America, by and through undersigned counsel, files this reply to Defendants' Joint Response to the United States' Second Omnibus Motion *In Limine*.

ARGUMENT

**I. The Victims' Testimony About Their Opinion of the Defendants' Liability is Inadmissible**

As explained in the United States' Motion (Dkt. 59 at 6–11), the victims' personal opinions about the legality or propriety of the defendants' conduct—as opposed to the victims' sensory observations of that conduct—constitute irrelevant, unduly prejudicial, and otherwise inadmissible evidence. The civilian victims' opinions – whatever they might ultimately prove to be at trial – regarding the defendants' uses of force are irrelevant, because such opinions have no bearing on whether the defendants violated the objective, "reasonable officer" standard under the Fourth Amendment. *See id.* Further, such testimony threatens to invade the province of the factfinder, and would serve only to advance the defendants' interest in securing nullification by confusing and misleading the jury. *See id.*

1

The defendants' response fails to argue otherwise, instead incorrectly citing Federal Rule of Evidence 701 for the proposition that the victims may testify as lay experts. (Dkt. 61 at 3.)[1] But Rule 701 does not transform irrelevant opinion testimony from victims into relevant, admissible opinion evidence. In any event, the defendants' proposed lay-opinion testimony is inadmissible under Rule 701, as well as under Rules 401, 402, and 403, as explained in the United States' Motion.

Rule 701 prohibits lay opinion testimony that "merely tell[s] the jury what result to reach." *United States v. Kilpatrick*, 798 F.3d 365, 380 (6th Cir. 2015). The defendants' proffered evidence is just that. The central issue in this case is whether the defendants used excessive force against the victims. Testimony regarding the victims' personal opinions about whether the defendants used excessive force or should be held criminally liable for their uses of unlawful force is accordingly inadmissible under the Rule. By its terms, Rule 701 requires that the proffered opinion testimony be "*helpful* to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(b) (emphasis added). The victims' personal opinions about whether the defendants acted contrary to their law enforcement training or in violation of the law, or whether the defendants should be held liable for any use of excessive force are not helpful to understanding what the victims actually observed. As the Sixth Circuit has observed, "[i]t is not 'helpful' when a witness, lay or expert, forms conclusions for a jury that the jurors are competent to reach on their own." *Kilpatrick*, 798 F.3d at 380. Further, and as explained in the United States' Motion, no witness should be permitted to testify that the defendants acted consistently with, or contrary to, the law. That decision is for the factfinder.

---

[1] The defendants also cite the Tennessee Rules of Evidence and case law interpreting state law in support of this claim. This federal case is governed by the Federal Rules of Evidence and federal case law interpreting those Rules; Tennessee state law does not apply.

2

Even if the victims' opinion testimony were admissible under Rule 701, such testimony is inadmissible under other rules of evidence, because it is irrelevant and unfairly prejudicial. *See* United States' Mot. in Limine (Dkt. 59) at 6–11.[2]

## II. Testimony About How Authorities Became Aware of the Defendants' Misconduct is Irrelevant to Proving Whether the Misconduct Occurred

The defendants' theory that "federal authorities investigated the Defendants due to personal animosities of certain individuals in Grundy County seeking retribution" serves no purpose other than to invite nullification and should be excluded. (Dkt. 61 at 4). As explained in the United States' Motion (Dkt. 59 at 6–11), how federal investigators became aware of the defendants' crimes has nothing to do with whether the defendants committed crimes. While the defendants may cross-examine witnesses about any bias they may hold, the defendants should not be permitted to present argument or evidence regarding other, unrelated individuals' supposed grudges against the defendants.

The suggestion that federal authorities have at any point acted at the behest of "certain individuals in Grundy County seeking retribution" is false. Even if the defendants' unfounded, speculative theory regarding the genesis of this federal investigation were true, however, it would be irrelevant here. The government anticipates calling law enforcement officers who witnessed the defendants' use of unlawful force. It does not expect to solicit testimony from or about individuals who passed along rumors to federal investigators, but who lack direct, personal knowledge relevant to the charged conduct, as such testimony would be irrelevant and

---

[2] The defendants also assert that "the alleged victims' testimony about what occurred during the indicted offenses are highly relevant and probative to this case." (Dkt. 61 at 2.) This assertion is unresponsive. The United States has not suggested that the victims' testimony about what occurred is irrelevant. Rather, the victims' testimony about their *opinions* about what occurred are irrelevant.

inadmissible. The defendants accordingly should not be permitted to introduce irrelevant testimony regarding rumors and gossip about how the federal investigation began.

The defendants nevertheless insist, in a conclusory half-page, that "the origins of this investigation" are "highly probative." (Dkt. 61 at 4). They do not say of *what* such evidence is probative. As explained in the United States' Motion, "[w]hether or not a fact is of consequence is determined . . . by substantive law." *Crabbs v. Pitts*, No. 2:16-CV-0387, 2018 WL 5262397, at *4 (S.D. Ohio Oct. 23, 2018). The defendants' theory does not address any element of the charged offenses.

The defendants further assert that, "should witness testimony have been coerced by certain individuals in Grundy County," such evidence would be relevant. (Dkt. 61 at 4). They do not assert that any testimony was, in fact, "coerced," and the United States is not aware of any witness who has alleged being coerced by investigators, "certain individuals in Grundy County seeking retribution," or anyone else.

The defendants should not be allowed to present baseless, irrelevant, unduly prejudicial theories that serve no purpose other than to invite nullification. *See United States v. Duval*, 865 F. Supp. 2d 803, 808 (E.D. Mich. 2012) ("[D]efendants are not entitled to offer evidence and testimony for the sole purpose of inviting jury nullification.") (citing *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge. . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification . . . .")).

## CONCLUSION

For the reasons given above and in the United States' Second Omnibus Motion *In Limine*, the government respectfully requests that the Court bar the defendants from presenting irrelevant,

immaterial, unfairly prejudicial, and privileged evidence for the purpose of encouraging jury nullification.

Date: October 1, 2020

Respectfully submitted,

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL
*s/ Kathryn E. Gilbert*
Rebekah J. Bailey
Kathryn E. Gilbert
Trial Attorneys
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-616-2430 phone
202-514-6588 fax
Kathryn.gilbert@usdoj.gov


J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

*s/ James Brooks*
James Brooks
Assistant United States Attorney
100 E. 11th Street
Chattanooga, TN 37402
423-385-1311
James.brooks1@usdoj.gov

5