# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Case No. 4:19-CR-20** |
| v. ) | **Chief Judge McDonough** |
| ) | |
| **ANTHONY GLENN BEAN** ) | |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

The Defendant, Anthony Glenn "Tony" Bean, faithfully served his duties as a law enforcement officer for the last 42 years. Bean routinely put his life in danger to protect and serve others. While the ensuing actions were mistakes and should not have been perpetrated, these two, and only two, instances of unique circumstances should not tarnish an otherwise immaculate record over the course of almost half a century of service where on countless occasions Bean put others' lives over his own.

Once convicted, Bean was immediately taken into custody, and since February 2, 2022, he has been housed in a medical isolation holding cell. Bean has not seen a blade of grass or the sky since February 2, 2022. As of the date of this writing, Bean has spent 191 days without experiencing the sun on his face or breathing fresh air while being bombarded with the constant screaming of another inmate whose episodes last forty-eight to seventy-two hours that make it impossible for all 17 inmates, including Bean, to sleep. Additionally, Bean is only allowed out of his cell for one hour a day wherein he must clean his cell, shower, and used the phone and tablet. Even more, during this time, the only human contact he has is still through talking to other inmates through their locked doors. 191 days under these conditions is more than enough time to satisfy two isolated mistakes that are the only blemishes to an otherwise immaculate 42-year career in law enforcement.

1

Bean is a 62-year-old resident of Altamont, Tennessee. He was born in Tullahoma, Tennessee, and raised in a church going family. Bean was one of three children a brother, James Bean, and a sister, Sheila Wiseman. His mother passed away when he was thirty-seven years old. His father passed away in 2018. Bean's brother, James, also passed away in 2012. Bean still maintains a close relationship with his sister, who lives in Estill Springs, Tennessee.

Bean has been married three times, first to Kathy Haley in 1979, which produced two children, Chrystal Conn (42) and Misty Nelson (39). Bean and Haley divorced in 1985. In 1988 Bean took full custody of his daughters due to allegations of sexual molestation by a maternal uncle. Both daughters continue to reside in Franklin County where they maintain a close relationship with Bean.

Bean next married Kimberly Bradford in 1989. This marriage produced one child, a son, Anthony Doyle Franklin "T.J." Bean. T.J. Bean resides in Tracy City, Tennessee with his wife Casey, and they have three children. The marriage came to an end in 2002 due to a relapse in an addiction to pain pills, which destroyed the marriage. In total, Bean has 3 biological children and eight grandchildren.

Bean is currently married to Felicia Nunley Norris Bean. The marriage took place in 2011. Ms. Bean still resides at the marital home in Altamont, Tennessee.

Bean attended Franklin County High School in Winchester Tennessee until 1979. He did not finish due to his first wife's pregnancy but earned his GED through Motlow State Community College in 1982. Bean has worked almost exclusively in law enforcement. Bean most recently worked for the Grundy County Sheriff's Department from September 2014 through roughly the time he was indicted for these offenses. This was his second stint with the Grundy County Sheriff's Department. Bean had previously worked there from September 2005

to sometime in 2008, due to a fellow officer being killed on duty. From 2008 until 2011 Bean worked as a Master Patrolman with the Chattanooga Police Department. For a period of roughly six months, Bean worked at M-Tek, an automotive parts manufacturer. From 2012 through 2014, Bean worked for the Tracy City Police Department.

Bean was indicted by a grand jury on July 24, 2019, and charged with four violations of 18 U.S.C. § 242. Bean was served with the indictment was placed under pre-trial restrictions from July 2019 until his trial which commenced on June 16, 2021.

Bean pled not guilty, and a bench trial was conducted. Seven months after the conclusion of the trial, the Honorable Travis R. McDonough entered a Verdict Form wherein he found Bean guilty of Counts I, IV, and V of the indictment. Bean was found not guilty of Count II. Count III charged Bean's son, T.J. Bean, with an additional violation of 18 U.S.C. § 242, and T.J. Bean was acquitted at the same trial. Thereafter, the government moved for detention, which the Court granted. Bean has been in continuous confinement since January 28, 2022, mainly at the Laurel County Jail, in London, Kentucky, while awaiting his sentencing hearing.

## GUIDELINE RANGE

The pre-sentence investigation report (PSR) has Bean's offense level calculated at 27. This encompasses a baseline level of 19 for Deprivation of Rights Under Color of Law while causing serious bodily injury, plus 6 upwards adjustment points for committing the offense while under color of law, plus an additional 2 upwards adjustment points for physical restraint being used to commit the offense. This level would equate to a guideline sentence calculation of 70 to 87 months[1]. However, based on the objections that were filed to the presentence investigative

---

[1] On August 5, 2022, Defendant submitted objections to the Presentence Investigation Report submitted by U.S. Probation Officer, Jennifer Beamer. In it, Bean was determined to have an adjusted offense level of 27. Bean submits in the Objections to the Presentence Investigation Report that based on the facts and circumstances

3

report, the Government conceded that two points were incorrectly added, thus dropping Bean's total to 25. Furthermore, Bean submits that it was not conclusively proven at trial that Meeks' hematoma was attributable to Bean because: (1) Meeks was involved in a serious car wreck in which his head hit the windshield; (2) he received palm heel strikes and punches from Henegar; (3) and Meeks asserted himself he was kicked by both Grundy County and Sequatchie County officers; (4) Bean was found to have punched him. No testimony was brought forth at trial evidencing specifically that Meeks' hematoma was caused by the strikes delivered by Bean.

In view of Bean's history and background, which will be discussed below, and in view of Bean's lack of any criminal record, Bean would respectfully submit that strict application of the guidelines sentence would not serve to promote the purposes behind sentencing as set forth in 18 U.S.C. § 3553. Therefore, Bean would respectfully ask this Honorable District Court to promulgate a sentence that would warrant a variance and departure from the strict application of the advisory sentencing guidelines.

## PRINCIPLES AND PURPOSES OF SENTENCING

The overarching sentencing scheme guiding federal courts is set out statutorily in 18 U.S.C. § 3553. The statute sets forth the factors to be considered in imposing a sentence. The statute advises that the court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2 of the Statute, which will be discussed in detail below. The court must consider these factors, as these factors specifically relate to Bean and the circumstances of the case; therefore, Bean would respectfully urge the following:

---

evidenced at trial, his adjusted offense level should be dropped to 18 which gives him a range of punishment from 27-33 months.

4

## 18 U.S.C. § 3553 (a)(1)
*Nature and circumstances of the offense and characteristics of the Defendant*

As stated previously, Bean was a lifelong law enforcement officer. The proof at trial showed that he made a bad decision on two separate occasions over decades worth of encounters with arrestees. Bean, while employed as a law enforcement officer, also continuously progressed through the ranks and attained positions of greater responsibility. Furthermore, Bean also held positions which required him to teach other law enforcement officers or children. For example, Bean was a D.A.R.E. officer for 10 years as well as an Emergency Vehicle Operator Course (EVOC) trainer.

With respect to the second arm of the Statute, the nature and characteristics of the Defendant, Bean would show that his social and employment history manifests an otherwise upstanding citizen. Bean has raised three biological children and is the stepfather to others. Bean is currently married and also has a good relationship with his wife's ex-husband, who lives nearby, and all parties are on good terms. Lastly, Bean maintained a steady income both prior to and while the charges were pending. All these factors speak well for his household[2].

Since Bean was remanded to prison, his family, of which he is the patriarch, has experienced a multitude of health problems and circumstances in which Bean's presence is not only requested, but is necessary. Since Bean's imprisonment, his stepdaughter had a child; his daughter-in-law Casey Bean has been diagnosed with lymphoma and is currently undergoing extensive chemotherapy treatments; his nephew Jonathan Bean has been diagnosed with three types of cancer and has been given a terminal diagnosis; and his wife, Felicia, had an almost golf ball sized kidney stone that caused an infection and two subsequent surgeries for which she is

---

[2] See Exhibit A—Collection of letters from Tony's family

still treating. Bean is the patriarch of his family, and his family has never needed him more than they do right now.

Bean has no criminal record, nor have any other claims of the type of behavior for which he was convicted been reported. Further, Bean complied with all pre-trial release conditions as well as voluntarily surrendered all firearms which he kept at his home. Finally, Bean is 61 years old and entering the time when normal age-related medical conditions begin to manifest. Defendant submits that these factors weigh greatly in favor of a substantial downward variance from the guideline range sentence as prescribed in the presentence investigation report.

## 18 U.S.C. § 3553 (a)(2)

*The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Bean has been in confinement for almost eight months. He has no prior criminal record, so this is the first experience of confinement for Bean, at age 61. Since the applicable guideline range is in Zone D of the sentencing table, the Defendant would be ineligible for full probation. Statutorily, the Defendant would be eligible for not less than one and not more than 5 years of probation because the offense is a C felony; 18 U.S.C. § 3651(e)(2). Defendant asserts that the court could deviate from the applicable advisory guideline range sentence to a point below the guidelines, but enough of a sufficient punishment to reflect the seriousness of the offense and provide just punishment for the offense, given Bean's particularized circumstances.

## 18 U.S.C. § 3553(a)(2)
*The need for the sentence to afford adequate deterrence to criminal conduct*

Bean's case has been well publicized in Eastern and Middle Tennessee. The Department of Justice issued a press-release upon his conviction, and his arrest and conviction have been covered in the local news outlets.

6

The climate surrounding officer involved assaults on arrestees has changed substantially since the charges were brought against Bean, and due to that change in climate, officers are aware of both potential penalties for this type of conduct as well as negative exposure through media outlets which undoubtedly serves as a greater deterrent than any possible jail sentence. As a result of Bean's conviction his ability to police in the future has been extinguished which means the goal of deterrence surely has been served.

## 18 U.S.C. § 3553(a)(2)(C)
*The need for the sentence imposed to protect the public from further crimes of the Defendant*

Bean has had no prior criminal history and is 61 years old. His ability to effectuate any crime of this nature was effectively eliminated when his employment was terminated. This aim of the statute has been realized, and it is impossible for Bean to commit any further acts that would fall under the statute under which he was convicted.

## 18 U.S.C. §3553(a)(2)(D)
*The need to provide the Defendant with vocational or educational training, medical care, or correctional treatment in the most effective manner*

During the time when Bean remained out on bond, he demonstrated the ability to be a successful, productive citizen.[3] This demonstrates there is no need to provide any additional educational training. Bean was convicted for two bad choices in a successful career that spanned 42 years. However, if the Court finds this argument not to be persuasive, it could mandate some type of anger management counselling as part of the sentence given the nature of the allegations and proof in the case.

---

[3] See Exhibit B-Letter from David Hodges; Exhibit C- Letter from Monty Adams; Exhibit D-Letter from Ralph Shrum

7

## 18 U.S.C. § 3553(a)(3)

The Defendant has asked, because of his circumstances, that the court consider a variance from the advisory guideline range. Because Bean's conviction is a Class C Felony and does not expressly forbid probation, he is eligible only for supervised release. *See* 18 U.S.C. § 3561(a). However, under the advisory guidelines, he is ineligible for full probation. Bean respectfully requests that this Honorable Court grant a downward variance from the advisory guideline by permitting Bean to be monitored under supervised release in light of the facts and circumstances described.

## 18 U.S.C. § 3553(a)(4)
*The applicable category of offense committed by the applicable category of Defendant as set forth in the guideline*

Defendant acknowledges that the Court must always begin its determination of a sentence with the sentencing guidelines and "remain cognizant of them throughout the sentencing process;" however, it may not presume that the Guideline Range is reasonable. *Gall v. United States*, 552 U.S. 38, 46-51 (2007). A sentencing court's overarching duty is to "make an individualized assessment based on the facts presented," while also analyzing the considerations set forth in § 3553(a). *Id* at 50. "District Courts are charged with imposing a sentence sufficient, but not greater than necessary to fulfill the purposes of sentencing in § 3553(a)(2). *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (citing *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006)).

Bean submits that whatever the Court ultimately determines the Guideline Range to be, an individualized assessment based on the facts presented yields the conclusion that a sentence significantly lower than 70-87 months would be sufficient to carry out the purposes of sentencing articulated in § 3553(a)(2).

8

## 18 U.S.C. § 3553(a)(6)
### *The need to avoid unwarranted sentence disparity among Defendants with similar records who have been found guilty of similar conduct*

Grundy County, Tennessee, the situs of the offenses to which the Defendant was charged lies in the Southwest portion of the Eastern Federal District. In a similar case that was not taken to trial, *United States v. Higgins*, Case No.: 4:19-CR-00017-CLC-SKL(1)[4]; Higgins pled guilty to one count of violating 18 U.S.C. § 242. As a result of his plea, Higgins was sentenced to a prison term of six months and one year of supervised probation. Under the indictment, Higgins was accused of assaulting a handcuffed arrestee causing serious bodily injury. Here, in Count I, Bean did not assault a handcuffed arrestee; therefore, the Defendant submits that the sentence for Count I should be less than six months. In Counts IV and V, Bean is not accused of causing serious bodily injury; therefore, Defendant submits that the sentence for Counts IV and V should be less than six months. These proposed deviations from the sentencing guidelines would not create a wide disparity in sentencing and would promote consistency within the Court.

## 18 U.S.C. § 3553(a)(7)

Defendant Bean understands that a restitution claim may be made in this case; however, at this time, no claims for restitution have been made.

## OTHER CONSIDERATIONS

The Court has a directive through statute, to fashion a global sentence which will serve the ends of justice with a view towards punishment and deterrence, but to also account for the individualized circumstances of the Defendant. In the instant case, Bean is a Defendant that devoted his entire career as a law enforcement officer. He raised a family and served his community. He supervised other officers, taught law enforcement techniques, and worked with

---

[4] Exhibit E- Judgment Form

children to educate them on the dangers of drug use. Bean made some extremely bad professional choices in the last few years of his law enforcement career. He has already paid a heavy price for those choices. He has been terminated from his employment and been housed in federal prison for almost 8 months. He is 61, and although relatively healthy, he has some age-related health issues that manifest in most at his age. To enforce the advisory guideline sentence range on Bean would effectively force him to spend his remaining quality years in prison.

## **CONCLUSION**

Bean served as a law enforcement officer, risking his life to save or protect others for 42 years while also being the patriarch of his tight-knit family and a beacon of hope in his community. Since Bean was taken into custody, his family has experienced several medical issues where it would be important for him to be present and continue to be unifying force in the family dynamic. Therefore, Bean humbly requests a sentence of probation for him to return and care for his family. This sentence is reasonable because he does not have a criminal record, and if he was placed on probation and violated it he would immediately be remanded to federal prison. The two incidents these charges stemmed from were very specific, unique circumstances where Bean was off-duty and responded, while his wife was with him, to help other officers in need. In these instances, Bean put his life on the line in high danger, high stress situations, while also being mindful to be a protective husband to a wife on the scene who was not a law enforcement officer. On countless occasions over these 42 years Bean put his life on the line for others. Defendant respectfully asks this Honorable Court to consider his 42 years of service with no prior incidences of violence into account.

However, recognizing that sentencing a Defendant is the most difficult decision a court is faced with; Bean would be reluctant to suggest a specific sentence. Nonetheless, Defendant

asserts that given the foregoing arguments and authorities presented, a sentence substantially below the advisory guidelines would be sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)-(7), and to serve the interest of justice in general.

        Respectfully submitted,

BY: /s/ Andy Peters Davis
Andy Peters Davis, B.P.R. 24386
Roger D. Layne, B.P.R. 33873
Russell L. Leonard, B.P.R. 014191
705 Dinah Shore Blvd.
Winchester, TN 37398
Telephone: 931-967-7000
Facsimile: 931-968-0680
Email: andy@daviskessler.com
*Attorney for Defendant*

11

Case 4:19-cr-00020-TRM-CHS   Document 171   Filed 08/12/22   Page 11 of 12   PageID #: 2007

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, a copy of the attached *Defendant's Motion for Variance, Motion for Departure, and Sentencing Memorandum* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

**Assistant U.S. Attorney**
Kathryn E. Gilbert
Patrick Henry Building
601 D Street NW
Washington, DC 20004
202-616-2430
kathryn.gilbert@usdoj.gov

Andrew Manns
150 M. Street NE
Washington, DC 20002
802-989-3969
andrew.manns@usdoj.gov

James T. Brooks & Perry H. Piper
1110 Market Street, Suite 515
Chattanooga, TN 37402
423-752-5140
james.brooks@usdoj.gov
perry.piper@usdoj.gov

Rebekah Bailey
950 Pennsylvania Ave., NW Suite 6500
Washington, DC 20530
202-307-6523
rebekah.bailey@usdoj.gov

/s/ Andy Peters Davis
Andy Peters Davis, B.P.R. 24386